**THE HONORABLE BRIAN D. LYNCH**
**CHAPTER 13**
**HEARING DATE: March 25, 2020**
**HEARING TIME: 1:30 P.M.**
**LOCATION: Tacoma, Washington**
**RESPONSE DATE: March 18, 2020**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>BONNI JEANNE PARKER,<br><br>Debtor. | Case No.: 20-40229-BDL<br><br>OBJECTION TO CONFIRMATION WITH STRICT COMPLIANCE |

**COMES NOW**, Michael G. Malaier, Chapter 13 Standing Trustee, and objects to confirmation as follows:

## **BACKGROUND**

Debtor filed this Chapter 13 case on January 27, 2020. The applicable commitment period is thirty six months. The case is currently in the second month and the Meeting of Creditors has not yet been completed. The bar date for filing non-governmental claims is April 6, 2020. Scheduled unsecured claims total $22,660.00. The Trustee estimates that under the proposed plan general unsecured creditors will receive approximately $0.00.

OBJECTION TO CONFIRMATION

- 1 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

# OBJECTION

☐ Plan is not feasible:

☒ Plan is not proposed in good faith or is forbidden by law: Debtor has not filed all required tax returns. Prior to confirmation a debtor must have "filed all applicable Federal, State, and local tax returns as required by section 1308." 11 U.S.C. § 1325(a)(9). Under section 1308(a), the debtor must file all applicable tax returns for the 4-year period ending on the date of the filing of the petition. Based on information and belief, debtor has not filed the 2016, 2017, or 2018 tax returns. Confirmation should be denied until such time as the returns are filed.

☐ Plan fails to commit all excess disposable income for the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B):

☐ Plan does not meet the best interests of creditors test as required by 11 U.S.C. § 1325(a)(4):

☐ Schedules or other documentation insufficient:

☒ Other: Debtor has language in paragraph 10 that is inapplicable to the plan and should be removed.

**WHEREFORE**, Trustee requests that the objection to confirmation be sustained and Debtor be ordered to file a motion to confirm a plan resolving the issues raised herein within 14 days of entry of the Order Sustaining Trustee's Objection to Confirmation; and to set the hearing on the next available motion calendar after the 14 days expires. If the Motion to Confirm resolving the Trustee's issues is not filed and set for hearing as outlined above, the Trustee requests he be allowed to enter an order dismissing the case, *ex parte*, without notice.

**DATED** this 11th day of March, 2020.

/s/ Matthew J.P. Johnson
Matthew J.P. Johnson, WSBA# 40476 for
Michael G. Malaier, Chapter 13 Trustee